IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | |
| *Plaintiff,* | Case No. _____ |
| *v.* | |
| AMERICA'S AUTO BODY, INC. and GERALD WATTRON, | JURY TRIAL DEMANDED |
| *Defendants.* | |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, FEDERAL TRADEMARK DILUTION,
VIOLATION OF ILLINOIS TRADEMARK REGISTRATION AND PROTECTION
ACT, COMMON LAW TRADEMARK INFRINGEMENT,
VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
<u>AND COMMON LAW UNFAIR COMPETITION</u>**

Plaintiff Government Employees Insurance Company ("GEICO"), for its Complaint against Defendants America's Auto Body, Inc. ("AABI") and Gerald Wattron ("Wattron") (collectively "Defendants"), states the following:

**NATURE OF THE CASE**

1.       This is an action for Federal trademark infringement, false designation of origin, Federal trademark dilution, violation of the Illinois Trademark Registration and Protection Act, common law trademark infringement, violation of the Illinois Uniform Deceptive Trade Practices Act and common law unfair competition.  GEICO seeks injunctive relief and monetary damages arising from Defendants' willful misappropriation and dilution of GEICO's famous and

1

distinctive gecko mark ("GEICO Gecko") to advertise and promote Defendants' own auto body repair business.

2.      Beginning at least as early as October 2013 and continuing intermittently through the present, Defendants have publicly displayed on the AABI auto body shop frontage, without authorization from GEICO and despite its objections, and for the sole purpose of Defendants' commercial gain, an approximately five-foot tall cutout of an exact replica of the GEICO Gecko with a sign reading "DON'T BUY – DON'T TRUST" placed prominently on its chest.

3.      GEICO invests hundreds of millions of dollar every year in television, radio, online, and print advertisements featuring its famous GEICO Gecko mark.  Through television advertising alone, GEICO expects to deliver billions of impressions of the GEICO Gecko to consumers in the United States this year.  GEICO expects each resident of the United States will, on average, see dozens of television commercials featuring the GEICO Gecko this year. Through this extraordinary exposure, not only this year but over the past decade, the GEICO Gecko has become one of the most well-known and instantly recognizable trademarks in the United States, making it a GEICO asset of incalculable value and indisputably a famous mark under federal and state law.

4.      By displaying and disparaging an oversized cutout of an exact replica of the GEICO Gecko on the AABI auto body shop frontage, Defendants are intentionally exploiting the goodwill associated with the GEICO Gecko solely for their own commercial gain and to the detriment of GEICO and its rights in the famous GEICO Gecko.  Defendants' blatant commercial exploitation of the famous GEICO Gecko wrongly dilutes the value and distinctiveness of and tarnishes the GEICO Gecko, confuses consumers, and wrongly suggests that GEICO endorses, sponsors, or has a connection with the Defendants' auto body repair

2

business – none of which is true. In particular, the sign DON'T BUY-DON'T TRUST denigrates and tarnishes the fame and goodwill associated with the GEICO Gecko and GEICO's highly-regarded, low-cost auto insurance business. Defendants' willful and ongoing violations of federal and state trademark and deceptive trade practices laws warrant the grant of preliminary and permanent injunctive relief and an award of compensatory and punitive damages, along with an award of GEICO's costs and attorneys' fees incurred in bringing this action.

### THE PARTIES

5.      Plaintiff Government Employees Insurance Company ("GEICO") is a Maryland corporation with its principal place of business at 5260 Western Avenue in Chevy Chase, Maryland.

6.      Upon information and belief, Defendant AABI is an Illinois corporation with its principal place of business at 810 West Lunt Avenue in Schaumburg, Illinois.

7.      Upon information and belief, Defendant Wattron is president, secretary and sole owner of AABI, and is solely responsible for AABI's business decisions, including its unauthorized use of the famous GEICO Gecko over GEICO's repeated objections.

### JURISDICTION AND VENUE

8.      This action arises under Sections 32, 43(a), and 43(c) of the Lanham Act, which are codified at 15 U.S.C. §§ 1114, 1125(a), and 1125(c), respectively, the Illinois Trademark Registration and Protection Act, 765 ILCS §§ 1036 *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510 *et seq.,* and the common law.

9.      With respect to claims arising under the Lanham Act, this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

With respect to the related Illinois and common law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.     This Court has personal jurisdiction over AABI because it is incorporated in Illinois, has its principal place of business in the Northern District, and regularly does and solicits business in Illinois and the Northern District.

11.     On information and belief, this Court has personal jurisdiction over Defendant Wattron because he works and resides in Illinois and the Northern District, and is solely responsible for Defendant AABI's unauthorized use of the famous GEICO Gecko despite GEICO's repeated objections.

12.     Venue is proper in this judicial district at least under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## GEICO AND ITS FAMOUS GECKO TRADEMARK

13.     GEICO is a leading provider of automobile insurance services in the United States.  GEICO began doing business in 1936, initially offering insurance services exclusively to federal government employees.  In 1958, GEICO expanded its customer base and began offering services to the general public.  GEICO currently offers, advertises and sells its insurance services throughout the United States, including Illinois.

14.     GEICO has become the third largest private-passenger automobile insurance company in the United States and is the largest direct marketer of automobile insurance in this country.  In addition to automobile insurance, GEICO also offers homeowners and business insurance, among many other diverse insurance products.  GEICO places great emphasis on

customer service and, in 1980, became the first automobile insurer to provide 24-hour customer service. GEICO is accessible 24 hours per day, 365 days per year, through its toll-free telephone numbers and its official Internet website located at www.geico.com ("GEICO Website").

15.     To enhance its trademark rights and strengthen its brand, GEICO created the GEICO Gecko, a quirky, British-accented gecko character to serve as a unique source-identifier for its insurance services. A two-dimensional representation of the GEICO Gecko appears prominently in GEICO's national print advertising. The GEICO Gecko also appears as an animated three-dimensional character in many of GEICO's television commercials. Through its distinctive "character," the GEICO Gecko is also instantly recognizable in GEICO's radio advertisements.

16.     GEICO obtained from the U.S. Patent & Trademark Office and is the sole and exclusive owner of three federal trademark registrations for the GEICO Gecko. The registrations – U.S. Reg. No. 2,690,909; No. 3,398,021; and No. 3,760,784 (collectively, "Gecko Registered Marks") – depict various representations of the GEICO Gecko in connection with services of International Class 36 and, more particularly, insurance brokerage and underwriting services. *Exhibits A, B* and *C*.

17.     The GEICO Gecko is arbitrary and fanciful. The GEICO Gecko has no meaning other than its acquired meaning in the course of GEICO's business operations and advertising to distinguish GEICO's insurance services from those of its competitors.

18.     GEICO has invested hundreds of millions of dollars to promote the famous GEICO Gecko, and GEICO's associated insurance services, in numerous television and radio advertisements aired in Illinois and throughout the United States. GEICO also uses the GEICO Gecko to advertise and promote its insurance services in a variety of print media throughout

Illinois and the United States, including newspapers, direct mailings, and telephone directories. GEICO prominently displays the GEICO Gecko on the GEICO Website, where it further serves as a "spokesperson" for GEICO and its insurance services.

19.     As a result of GEICO's extensive advertising and promotional efforts, and its continuous use of the GEICO Gecko mark for more than a decade, GEICO has become one of the most recognized brands in the United States.  In fact, the GEICO Gecko was recognized as Advertising Icon of the Year for 2005 by *Advertising Week*.  The GEICO Gecko is "distinctive" and "famous" within the meaning of Section 43(c) of the Lanham Act.

### DEFENDANTS' UNAUTHORIZED AND DISPARAGING USE OF THE FAMOUS GEICO GECKO

20.     Starting at least in October 2013, AABI began displaying an exact replica of the famous GEICO Gecko in front of its auto body shop located at 810 W. Lunt Avenue, Schaumburg, Illinois.  AABI did so without the authorization, knowledge or approval of GEICO. A photograph of the exact replica of the GEICO Gecko as it appeared on AABI's premises on November 5, 2013, is attached as *Exhibit D*.

21.     The exact replica of the famous GEICO Gecko placed by Defendants on the AABI business premises was accompanied by a sign attached to the Gecko stating "Don't Buy, Don't Trust."   *See Exhibit D*.

22.     The Defendants were never granted any authorization by GEICO to use or display the famous GEICO Gecko.  The Defendants' use of one of GEICO's most famous trademarks to dissuade consumers from buying GEICO auto insurance, and from trusting the universally recognized symbol of GEICO's high-quality, low cost auto insurance business, is without any basis in fact or law.

6

23.     To the contrary, GEICO sent to Defendants "cease and desist" letters on two occasions, one on October 18, 2013, and another on November 8, 2013. *Exhibits E* and *F*. Defendants never responded to either letter.

24.     After initially appearing to remove the illegal Gecko, Defendants put it back up on their premises. *Exhibit G* hereto is a photograph dated July 7, 2014, verifying that fact. *Exhibit G*.

**COUNT ONE – TRADEMARK INFRINGEMENT**
**Section 32 of the Lanham Act**
**15 U.S.C. § 1114**

25.     GEICO incorporates by reference the allegations stated in Paragraphs 1 through 24 above as though fully stated here.

26.     Defendants' unauthorized use and display of an exact replica of the famous GEICO Gecko is likely to cause confusion and the mistaken belief among the public that GEICO sponsors or is affiliated with the Defendants, or that Defendants are offering, marketing or selling auto insurance and/or auto repair services associated with GEICO.

27.     Defendants' infringement of the Gecko Registered Marks has caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continues to cause irreparable harm to GEICO for which there is no adequate remedy at law.

**COUNT TWO – FALSE DESIGNATION OF ORIGIN**
**Section 43(a) of the Lanham Act**
**15 U.S.C. § 1125(a)**

28.     GEICO incorporates by reference the allegations stated in Paragraphs 1 through 27 above as though fully stated here.

29. Defendants' unauthorized use and display of an exact replica of the famous GEICO Gecko constitutes a false designation of origin under Section 43(a) of the Lanham Act in that it falsely suggests that the Defendants are offering, marketing, or selling auto insurance and/or auto repair services associated with GEICO.

30. Defendants' false designation of origin has caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continues to cause irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT THREE – TRADEMARK DILUTION
### Section 43(c) of the Lanham Act
### 15 U.S.C. § 1125(c)

31. GEICO incorporates by reference the allegations stated in Paragraphs 1 through 30 above as though fully stated here.

32. By virtue of GEICO's long, continuous, and extensive use of the GEICO Gecko in interstate commerce, the GEICO Gecko has become "distinctive" and "famous" within the meaning of Section 43(c) of the Lanham Act.

33. Defendants' unauthorized use and display of the famous GEICO Gecko is a willful and fraudulent attempt to trade on the extraordinary good will and fame achieved by the GEICO Gecko, for the sole purpose of furthering the commercial gain to the Defendants, and with the inevitable consequence of diluting, by blurring and tarnishment, the famous GEICO Gecko.

34. Defendants' willful and intentional dilution of the GEICO Gecko has caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continues to cause irreparable harm to GEICO for which there is no adequate remedy at law.

8

## COUNT FOUR – TRADEMARK DILUTION
### Illinois Trademark Registration and Protection Act
### 765 ILCS §§ 1036 *et seq.*

35.      GEICO incorporates by reference the allegations stated in Paragraphs 1 through 34 above as though fully stated here.

36.      By virtue of GEICO's long, continuous, and extensive use of the GEICO Gecko in interstate commerce, the GEICO Gecko has become "distinctive" and "famous" within the meaning of Illinois Trademark Registration and Protection Act. 765 ILCS §§ 1036 *et seq*.

37.      Defendants' unauthorized use and display of the famous GEICO Gecko is a willful and fraudulent attempt to trade on the extraordinary good will and fame achieved by the GEICO Gecko, for the sole purpose of furthering the commercial gain to the Defendants, and with the inevitable consequence of diluting, by blurring and tarnishment, the famous GEICO Gecko in violation of the Illinois Trademark Registration and Protection Act. 765 ILCS §§ 1036 *et seq*.

38.      Defendants' willful and intentional dilution of the GEICO Gecko has caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continues to cause irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT FIVE – COMMON LAW TRADEMARK INFRINGEMENT

39.      GEICO incorporates by reference the allegations stated in Paragraphs 1 through 38 above as though fully stated here.

40.      Defendants' unauthorized use and display of an exact replica of the GEICO Gecko is likely to cause confusion and mistakes among the public as to whether GEICO

sponsors, supports, or is affiliated with Defendants' auto body service, or as to whether Defendants offer, market or sell GEICO auto insurance.

41.    Defendants' infringement of the famous GEICO Gecko trademark has caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continues to cause irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT SIX – DECEPTIVE TRADE PRACTICES
### Illinois Uniform Deceptive Trade Practices Act
### 815 ILCS §§ 510 *et seq.*

42.    GEICO incorporates by reference the allegations stated in Paragraphs 1 through 41 above as though fully stated here.

43.    By the actions described herein, Defendants have engaged in unlawful and unfair business practices that have injured and will continue to injure GEICO, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510 *et seq.*

44.    Defendants' deceptive trade practices have caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continue to cause irreparable harm to GEICO for which there is no adequate remedy at law.

## COUNT SEVEN – UNFAIR COMPETITION
### Common Law

45.    GEICO incorporates by reference the allegations stated in Paragraphs 1 through 44 above as though fully stated here.

46.    By the actions described herein, Defendants have engaged in and continue to engage in unfair competition by using and displaying an exact replica of the famous GEICO Gecko for the purposes of trading on and damaging the good will and reputation achieved by GEICO through its extraordinary investment in the famous GEICO Gecko.

47. Defendants' unfair competition with GEICO has caused and will continue to cause damage to GEICO, in an amount to be determined at trial, and also continues to cause irreparable harm to GEICO for which there is no adequate remedy at law.

### JURY DEMAND

GEICO demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, GEICO prays for the following relief:

A. For declaratory judgment that:

    (i) Defendants have willfully engaged in trademark infringement in violation of Section 32 of the Lanham Act, codified at 35 U.S.C. § 1114 and the common law;

    (ii) Defendants have willfully engaged in false designation of origin in violation of Section 43(a) of the Lanham Act, codified at 35 U.S.C. § 1125(a);

    (iii) Defendants have willfully engaged in trademark dilution in violation of Section 43(c) of the Lanham Act, codified at 35 U.S.C. § 1125(c), and the Illinois Trademark Registration and Protection Act, codified at 765 ILCS §§ 1036 *et seq.*;

    (iv) Defendants have willfully engaged in deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, codified at 815 ILCS §§ 510 *et seq.*; and

      (v)     Defendants have willfully engaged in unfair competition in violation of the common law.

B.     For preliminary and permanent injunctions enjoining Defendants and their successors, assigns, officers, partners, agents, contractors, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries, and all others controlled by or acting in concert with them from:

      (i)     Making any commercial use of the GEICO Gecko in any form or media, including, without limitation, replicas, copies or variations of the GEICO Gecko in printed advertising, in public displays, in television commercials, online, and otherwise;

      (ii)     Using or referring to the GEICO Gecko, or any confusingly similar variation thereof, for any commercial purpose;

      (iii)     Engaging in any activity that dilutes, infringes, tarnishes, or disparages the GEICO Gecko; and

      (iv)     Assisting, aiding, or abetting any other person or entity in performing any of the activities enumerated above.

C.     For an Order directing Defendants to turn over any and all replicas of the GEICO Gecko, together with any and all other infringing material, to a designated GEICO representative within 24 hours of entry of an Order by this Court.

D.     For an award of monetary damages, including:

(i)     Defendants' profits, trebled, together with GEICO's costs and attorneys' fees, to the full extent provided for by Section 35 of the Lanham Act, codified at 35 U.S.C. § 1117; and

(ii)     Actual and punitive damages provided for at common law.

E.     Such other and further relief that the Court deems appropriate.

Date:  July 15, 2014

Respectfully submitted,

*s/ Jack J. Carriglio*
One of the Attorneys for the Plaintiff

Jack J. Carriglio
Tracey A. Dillon
Meckler Bulger Tilson Marick & Pearson LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL  60606
Tel:  (312) 474-7900
Fax:  (312) 474-7898
jack.carriglio@mbtlaw.com

Charles D. Ossola, Esq.
*(Motion to Appear Pro Hac Vice to be Filed)*
Matthew J. Ricciardi, Esq.
*(Motion to Appear Pro Hac Vice to be Filed)*
**VINSON & ELKINS LLP**
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC  20037
Tel:  (202) 639-6500
Fax:  (202) 639-6604
cossola@velaw.com
mricciardi@velaw.com
*Counsel for Plaintiff Government Employees Insurance Company*